896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger D. LYNCH, Plaintiff-Appellant,
v.
STONER & ASSOCIATES, INC., Asbestos Workers Union Local No.
8 Pension Fund, Defendant-Appellee.
 No. 89-3626.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1990.
 
 S.D.Ohio
 AFFIRMED.
 On Appeal From the United States District Court for the Southern Distict of Ohio.
 BEFORE NATHANIEL R. JONES and RYAN, Circuit Judges, and DOUGLAS W. HILLMAN*, District Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Roger D. Lynch appeals the order of the district court granting summary judgment for defendant and affirming the Pension Fund Trustees' denial of disability benefits from the Asbestos Workers Union Local No. 8 Pension Fund, a benefit plan subject to the statutory provisions of the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001, et seq.
 
 
 2
 The evidence considered by the Trustees supports a finding as a matter of law that the denial of benefits to plaintiff was not arbitrary and capricious. Thus, we affirm the district court's grant of summary judgment in favor of defendant.
 
 I.
 
 3
 The facts of this case are not in dispute. Plaintiff-appellant Roger D. Lynch, was an asbestos worker and a member of the Asbestos Workers Union Local No. 8 ("the Union"). Plaintiff stopped working December 1, 1985 and applied for disability benefits from defendant, the Union's Pension Fund, ("the Pension Fund"), on March 14, 1986.
 
 
 4
 The Pension Fund provides disability benefits to members who suffer from a "permanent and total disability" as defined in the benefit plan. As provided by the plan, the Trustees of the Pension Fund considered plaintiff's application. After reviewing additional medical evidence, the Trustees denied plaintiff's request for disability benefits.
 
 
 5
 Plaintiff appealed to the federal district court pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1132(f). Both parties agreed that the facts were not in dispute and both filed motions for summary judgment. The district court granted summary judgment in favor of defendant and plaintiff now appeals that decision.
 
 II.
 
 6
 The Pension Fund's benefit plan is governed by ERISA provisions. As the Supreme Court recently held, a claim pursuant to 29 U.S.C. Sec. 1132(a)(1)(B) challenging a denial of benefits "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 109 S.Ct. 948, 956 (1989). The Court in Firestone noted that an "arbitrary and capricious" standard of review should be used when a trustee exercises such discretionary authority. Id. at 954-55.
 
 
 7
 Because the express provisions of the Pension Fund's benefit plan grants the Trustees the discretionary authority described by the Supreme Court in Firestone, the trial court correctly applied an "arbitrary and capricious" standard when reviewing the Trustees' denial of benefits.
 
 
 8
 The benefit plan defines "permanent and total disability" to be a condition "which totally and permanently prevents [an individual] from engaging in the asbestos trade or any other trade or occupation requiring similar physical exertion." Plaintiff claims that he is qualified for benefits as a permanently and totally disabled individual because of his asbestosis. Plaintiff asserts that the Trustees' denial of disability benefits was arbitrary and capricious.
 
 
 9
 An ERISA benefit plan administrator's decisions on applications for benefits are not arbitrary and capricious if they are "rational in light of the plan's provisions." Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir.), cert. denied, 109 S.Ct. 76 (1988). We have carefully examined the record, including the carefully written opinion of the district court, and we conclude, for the reasons stated by the district court, that the decision to deny benefits to plaintiff was not arbitrary and capricious.
 
 
 10
 Therefore, we AFFIRM.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation